KATE T. WOOLSEY, as Executrix of EDWARD J. WOOLSEY, Deceased,
Appellant, v. WILLARD P. SHAW, Respondent.

*Motion for leave to serve an amended reply to a counterclaim — when not too late —
a claim that the reply was sufficient does not preclude it — an amendment not
allowed to present an objection not raised in the original reply.*

A plaintiff is not guilty of *laches* in delaying to make a motion for leave to serve
an amended reply to a counterclaim for professional services set up in the
answer, by substituting for a denial that such services were reasonably worth
over the sum of $400, an allegation that such services as rendered were worth
no more than $400, until after the completion of the defendant's testimony,
notwithstanding the fact that the defendant moved for judgment upon his
counterclaim for professional services at the close of the plaintiff's case, upon
the ground that the reply was not sufficient to put in issue the performance
thereof by the defendant or the value of such services, and that such motion
was sustained.

*Semble,* that the proper time to present such a question is at the close of the
defendant's case.

The plaintiff is not estopped from making an application at Special Term for
leave to amend, because he has claimed at the trial before the referee that the
reply was sufficient, but he should not be permitted to amend the reply by
inserting an allegation that the services alleged in the bill of particulars, as
constituting the services specified in the counterclaim, were performed and
rendered at the request and under the direction of persons other than the
plaintiff's testator, there having been no intimation of such an objection to
the defendant's claim in the original reply.

APPEAL by the plaintiff, Kate T. Woolsey, as executrix of Edward
J. Woolsey, deceased, from an order of the Supreme Court, made
at the New York Special Term and entered in the office of the clerk
of the county of New York on the 28th day of June, 1898, denying
the plaintiff's motion for leave to serve an amended reply to a
counterclaim set up in the defendant's answer.

*William Barnes,* for the appellant.

*C. F. Goddard,* for the respondent.

INGRAHAM, J.:

The action was brought by plaintiff's testator in his lifetime to
recover an amount alleged to be due to him. The defendant in his

answer set up several counterclaims, one of which was to recover for services rendered by the defendant as an attorney at law to the plaintiff's testator, the value of which services the defendant alleged was $2,642.17. The plaintiff replied to such counterclaim by alleging that the defendant performed certain professional services for the plaintiff during the time mentioned in the answer, but denied that such services were reasonably worth over the sum of $400. The case was referred to a referee, but before the action was brought on for trial the plaintiff's testator died. Subsequently the action was revived by the present plaintiff as executrix of the original plaintiff. A new referee was appointed, and the action was finally brought on for trial on January 7, 1898. At the close of the plaintiff's case, on February 10, 1898, the defendant moved for judgment upon this counterclaim for professional services upon the ground that the reply was not sufficient to put in issue the performance by the defendant of the services for the plaintiff's testator, or the value of such services performed, and it seems that the referee sustained the defendant's contention. Subsequently evidence was offered by the defendant to sustain the other defense and counterclaims contained in his answer, and upon the defendant's resting, the question as to the sufficiency of the reply was again discussed before the referee. The referee adhered to his decision. Counsel for plaintiff then asked leave to amend the reply, but the referee declined to entertain that motion, intimating that such application should be made to the court, and subsequently adjourned the hearing to enable the plaintiff to make an application to the court. Pending that adjournment a motion to amend the reply was made and denied. The learned judge in denying this motion places it upon the ground that the plaintiff, having challenged the judgment of the referee upon the sufficiency of the reply, the proper redress was by an appeal. An examination of the original reply would seem to indicate that the plaintiff intended to allege in answer to this counterclaim for professional services that such services as rendered were worth no more than $400. This reply is quite inartificial and probably is subject to the criticism of the defendant's counsel, that it is not sufficient to put at issue the allegations of the service rendered by the defendant to the plaintiff, and their value. The sufficiency of this reply, however, to put those facts in issue never seems to have been challenged

by the defendant's counsel until after the plaintiff had closed his case before the referee on February 10, 1898.

We do not think that the plaintiff can be said to have been guilty of *laches* in not making his motion for leave to amend until after the testimony of the defendant had been completed. Upon the completion of the testimony the question was again raised and discussed before the referee, who adhered to his former decision. That was at the close of the defendant's case, and, strictly speaking, was the proper time at which to present the question to the referee. The application was not then denied by the referee upon the ground that such an amendment would be improper, but he declined to entertain the application, referring the party to the court and granting an adjournment for the purpose of allowing the plaintiff to make such an application to the court. The fact that such an application was made to the referee when he refused to entertain it certainly would not estop the plaintiff from applying to the court for leave to amend, as there was no exercise by the referee of his discretion upon the application.

Nor do we think that the plaintiff is estopped from making this application because she had claimed before the referee that the reply was sufficient. The referee having decided against her contention, she then either had to take the risk of a successful appeal or apply to the court for leave to make an amendment which would present the issue, which it is quite clear from an examination of the original reply the pleader intended to present. The defendant can have no difficulty in proving the value of the services rendered, and there seems to be no reason why the plaintiff should be compelled to accept his estimate of their value, without dispute, because of a mistake in the form of the denial used in the reply. The plaintiff seeks, however, to amend the reply by inserting an allegation that the services alleged in the bill of particulars as constituting the services referred to in the counterclaim were performed and rendered at the request and direction of others than the plaintiff's testator. We think it would be unjust at this time to allow such a defense to be interposed. In the original reply there is no intimation of such an objection to the defendant's claim, and now since the death of the original party, the defendant would be precluded from testifying as to the communications with the original

plaintiff in relation to the services. We think, therefore, that the order appealed from should be reversed and the plaintiff allowed to serve the proposed reply upon condition that the 4th clause thereof be stricken out, the plaintiff, as a condition for such amendment, to pay to the defendant all costs after service of notice of trial, and ten dollars costs of opposing this motion. The plaintiff further to stipulate that all proceedings before the referee stand, the defendant's case to be reopened and the defendant to have leave to submit such further evidence as he shall desire. No costs of this appeal.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred.

Order reversed and plaintiff allowed to serve proposed reply on condition that the 4th clause be stricken out, the plaintiff, as a condition for such amendment, to pay to defendant all costs after service of notice of trial and ten dollars costs of opposing this motion, and further to stipulate that all proceedings before the referee stand, the defendant's case to be reopened and the defendant to have leave to submit such further evidence as he shall desire. No costs of this appeal.